UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.

CINDY PEATMAN and
JESSICA HUNT,
        Defendants.

Docket No. 2:26-cr-00014-1-2

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## COUNT ONE

Between on or about June 25, 2025, and on or about January 21, 2026, in the District of Vermont, defendants CINDY PEATMAN and JESSICA HUNT, and others, known and unknown to the grand jury, knowingly and intentionally conspired to distribute cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 846, 841(a), 841(b)(1)(C))

1

## COUNT TWO

Between on or about February 13, 2025, to on or about January 21, 2026, in the District of Vermont, defendant, CINDY PEATMAN, unlawfully and knowingly managed and controlled 187 Griggs Road, Eden, Vermont, as owner and occupant, and knowingly and intentionally made available for use this residence for the purpose of unlawfully storing, distributing, and using cocaine base, a Schedule II controlled substance.

(21 U.S.C. § 856(a)(2))

COUNT THREE

On or about December 23, 2025, in the District of Vermont, defendant, JESSICA HUNT,

knowingly and intentionally distributed cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 841(a), 841(b)(1)(C))

## COUNT FOUR

On or about January 21, 2026, in the District of Vermont, defendant CINDY PEATMAN, while an unlawful user of and addicted to controlled substances and knowing that she was an unlawful user of and addicted to controlled substances, knowingly possessed, in or affecting commerce, a Savage Arms model 11, 7mm-08 rifle.

(18 U.S.C. §§ 922(g)(3), 924(a)(8))

## FORFEITURE NOTICE

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 21 U.S.C. § 853.

2. Upon conviction of an offense in violation of 21 U.S.C. § 856 and/or 21 U.S.C. § 846, the defendant, CINDY PEATMAN, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to:

    a. Real property located at 187 Griggs Road, Eden, Vermont 05653, with the following legal description:

> Being all and the same lands and premises conveyed to Cindy M. Young by Warranty Deed of Maura A. McGrath and Anthony R. Brown dated August 19, 1994 and recorded in Book 42, Page 264 of the Town of Eden Land Records, commonly referred to as 187 Griggs Road.

> Being all and the same land and premises conveyed to Maura A. McGrath and Anthony R. Brown by the Warranty Deed of Randy D. Machia and Debra A. Machia dated July 6, 1992 and of record in Book 42, page 16 of the Eden Land Records and being a small parcel of land with a ranch style dwelling house and other improvements located thereon and situate on East Hill Road in the Town of Eden, Vermont.

> Being further described as all and the same land and premises conveyed to John M. Stephenson by the Quit-Claim Deed of United Supplier, Inc. dated December 11, 1987 and of record in Book 36, Pages 43-44 of the Eden Land Records.

3. If any forfeitable property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

(21 U.S.C. § 853)

A TRUE BILL

FOREPERSON

JONATHAN A. OPHARDT
First Assistant U.S. Attorney

Jason Turner
Assistant United States Attorney
Burlington, Vermont
April 16, 2026