UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Docket No. 2:26-cr-00014-2 |
| ) | |
| JESSICA HUNT, ) | |
| Defendant. ) | |

**MOTION FOR DETENTION**

The United States of America moves for the pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility for Detention</u>.  This defendant is eligible for detention because the case involves an offense under the Controlled Substances Act for which a maximum term of imprisonment of ten years or more is prescribed.  *See* 18 U.S.C. § 3142(f)(1)(C).

2. <u>Reason For Detention</u>.  The Court should detain the defendant because there are no conditions of release that will reasonably assure the safety of any other person and the community, or the defendant's appearance as required.

3. <u>Rebuttable Presumption</u>.  The United States will invoke the rebuttable presumption against the defendant under § 3142(e). The presumption applies because there is probable cause to believe the defendant committed a drug offense punishable by more than ten years.

4. <u>Time For Detention Hearing</u>.  The United States requests the Court conduct the detention hearing upon completion of the pretrial services report.

5. <u>Other Matters</u>. Detention is appropriate in this case because without substance use treatment the defendant presents a risk to the safety of the community and her future appearance for court proceedings is uncertain.  The defendant has been addicted to controlled substances for

a number of years and is in active addiction.  At the time of her arrest on April 23, 2025, she made statements consistent with her recently using crack cocaine.  Her criminal behavior, as charged in this case, is directly related to her use of controlled substances, and without treatment she is likely to continue to engage in illicit behavior in order to support that addiction, as she does not have any legitimate source of income sufficient to support her use of controlled substances.

The nature of the crime charged is serious and the weight of the evidence is strong. Between June and December 2025, law enforcement conducted controlled purchases of illegal controlled substances at the residence where the defendant was residing on six occasions.  In addition to the controlled purchase that the defendant is charged with on December 23, 2025, she also helped facilitate a controlled purchase transaction on December 16, 2025, by communicating with a law enforcement confidential informant and setting the terms of the transaction that were later carried out by an associate.  For the December 23, 2025, controlled purchase the defendant is clearly identifiable on a video recording of the controlled purchase, and she can be seen distributing cocaine base in exchange for U.S. currency.  In January 2026, a Vermont state search warrant was obtained for the residence where the defendant resided. That search warrant was executed on January 21, 2026.  Upon execution of that search warrant, the defendant was arrested and law enforcement seized methamphetamine and four firearms from the residence.  Following execution of the search warrant, the defendant's arrest, and the provision of *Miranda* warnings by law enforcement, the defendant provided a statement to law enforcement.  During that statement, she admitted to being addicted to controlled substances and to having involvement in the distribution of controlled substances in Lamoille County.  She

stated that her involvement in the distribution of controlled substances was due to her drug addiction.

The defendant has strong connections to Vermont.  The defendant has a limited criminal history with only a single misdemeanor conviction.  However, during the pendency of those proceedings, the defendant failed to appear in January 2025.

Until the defendant can obtain substance use treatment and establish a release plan that does not involve her residing at residences known to be involved in drug trafficking, her release poses a danger to the community and a risk of nonappearance.  Until her addiction can be addressed, there is no condition or combination of conditions that will reasonably assure the safety of the community and her future appearance.  Accordingly, the United States requests that the Court order the detention of the defendant pending further proceedings.

Dated at Burlington, in the District of Vermont, April 24, 2026.

Respectfully submitted,

`    JONATHAN A. OPHARDT
First Assistant United States Attorney


/s/ *Jason Turner*
JASON TURNER
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725

3